MICHAEL F. GRIFFIN V. ALLEN C. ADSIT,
CIRCUIT JUDGE OF KENT COUNTY.

AFFIDAVIT.—FOR ORDER TO HOLD TO BAIL.
SUFFICIENCY OF.

Relator applied for *mandamus* to set
aside an order to hold to bail for the rea-
son that the affidavit showed no cause of
action to justify the arrest of the relator.
An order to show cause was granted and
on the hearing, on petition and answer,
the application was denied.

*D. E. Corbitt,* for relator.

*Thompson & Temple,* for respondent.

The affidavit charged the relator with
the unlawful conversion to his own use
of $475.10 under the following alleged
state of facts:

*a*—That relator was a relative of the
plaintiff and one in whom plaintiff
reposed special confidence.

*b*—That on October 10, 1893, plaintiff
being desirous of selling a bakery and
lunch counter permitted relator, who
was an attorney at law, to take full
charge of the sale of said business; that
for a long time prior to said date plain-
tiff had been in the habit of delivering
his money to relator for safe keeping,
and on that day permitted him to collect
the money realized on the sale of said
business, amounting to $483.35; that at
the same time plaintiff gave relator $150,
and requested him to hold said moneys
as trustee and to give plaintiff a receipt
therefor; that relator gave plaintiff an
order upon a certain bank for the pay-
ment to plaintiff or bearer of $533.35,
said order being signed by relator; that
plaintiff left the city where relator and
plaintiff resided, and remitted to relator
$231.10, to be retained by him for plain-
tiff's use and benefit; that during all of
the time aforesaid relator, upon plain-
tiff's request, paid plaintiff such amounts
of money as he from time to time asked
for.

c—That on February 20, 1896, plaintiff returned to the city, and being desirous of purchasing a house consulted with relator as to the feasibility of making such purchase; that relator advised plaintiff that he could not return his money at that time as he had all of his money tied up in another city, and made no other or further reply.

d—That plaintiff has requested the return of said money; that relator has refused to return it, and has informed plaintiff that if he had any legal remedy to pursue it; that said moneys were never loaned to relator, but were delivered to him in reliance upon his relationship to plaintiff, and the friendship existing between them, as trustee or special agent of plaintiff; that the amount of money in relator's hands is $475.10, and that relator's statement as to his money being tied up was untrue; that at the time he made it he had a large sum deposited in the banks of the city where he resided.